AO 241   (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District | EASTERN DISTRICT OF LOUISIANA |
|---|---|---|

| Name Phillip Knight | Prisoner No. 118589 | Case No. AA-6148 |
|---|---|---|

**15-1420**
**SECT. A MAG. 4**

Place of Confinement

LOUISIANA STATE PENITENTIARY, ANGOLA, LOUISIANA

| Name of Petitioner (include name under which convicted) Phillip Knight " " | | Name of Respondent (authorized person having custody of petitioner) N. BURL CAIN, Warden |
|---|---|---|

V.

The Attorney General of the State of: LOUISIANA

**PETITION**

1. Name and location of court which entered the judgment of conviction under attack
   The State of Louisiana Twenty Fourth Judicial District court Parish of Jefferson

2. Date of judgment of conviction   July 1, 2008

3. Length of sentence   Life

4. Nature of offense involved (all counts)   Second Degree Murder

5. What was your plea? (Check one)

   (a) ✓ Not guilty

   (b) Guilty

   (c) Nolo contendere

   If you entered a guilty plea to one count or indictment, and not guilty to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)

   (a) ✓ Jury

AO 241   (Rev. 5/85)

(b) Judge only

7.  Did you testify at trial?

Yes [ ]   No [✓]

8.  Did you appeal from the judgment of conviction?

Yes [✓]   No [ ]

9.  If you did appeal, answer the following:

(a) Name of court  Court Of Appeal Fifth Circuit

(b) Result  Denied

(c) Date of result and citation, if known  Feb 9, 2010 State V Knight 09 359 (La. App).

(d) Grounds raised  Ineffective Assistance Of Counsel, Insufficient Evi-
dence

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court  Louisiana State Supreme Court

(2) Result  Denied

(3) Date of result and citation, if known  2010-2444 (La. 10-21-11) 73 So 3d 376

(4) Grounds raised  Failure to advise of rights (Attesting officer), Warrantless Se-
arch, Denial handwriting Specialist Witness Changed Statement (Enter NIPA)

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court  _____

(2) Result  _____

(3) Date of result and citation, if known  _____

(4) Grounds raised  _____

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes [✓]   No [ ]

11.  If your answer to 10 was "yes" give the following information:

AO 241   (Rev. 5/85)

(a) (1)  Name of court   *Eastern District (Federal)*

   (2)  Nature of proceeding   *Ineffective Assistance of Counsel. Corrupted Judge*

   (3)  Grounds raised   *"                                       "*

   (4)  Did you receive an evidentiary hearing on your petition, application or motion?

         Yes     No    ✓

   (5)  Result   *Denied*

   (6)  Date of result

(b)  As to any second petition, application or motion give the same information:

   (1)  Name of court

   (2)  Name of proceeding

   (3)  Grounds raised

   (4)  Did you receive an evidentiary hearing on your petition, application or motion?

         Yes     No

   (5)  Result

   (6)  Date of result

(c)  Did you appeal to the highest state court having jurisdiction over the result of action taken on any petition, application or motion?

   (1)  First petition, etc.   Yes     No

   (2)  Second petition, etc.   Yes     No

(d)  If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

AO 241   (Rev. 5/85)

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds *and facts* supporting same.
Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) trough (j) or any one of these grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Ineffective Assistance of Trial and Appeal Counsel

Supporting FACTS (state *briefly* without citing cases or law): Counsel was ineffect for failure to protect his evidence, Bankrupt witnesses, request for handwriting specialist, Appeal counsel failure to raise addition claims filed in Kuichta supplemental brief (inter Alia). Detectiv still took my blood for RNA, and how did it got on my seats with my Daddy I had no cuts on me. my Brother Michael know who put the writing

B. Ground two: on the wall. I been to Jackson mental Health once thats when I filed that motion to Squash

Supporting FACTS (state *briefly* without citing cases or law): They are saying I B&M Four Time! Becaus I Stayed in the Parish Jail Eight years and a half. Roderick Bristol change his statment at trial

AO 241   (Rev. 5/85)

First He said I wanTed to cash my Daddy
Insuance policy, Then He said I wanted to
cash my Daddy Social Seciruty check. They
Just Let it Be Booth.

C.   Ground three:
Roderick Bristol change his STatement
At trial

Supporting FACTS (state briefly without citing cases or law):   First Mr Bristol sayed
He saw Phillip KnighT come out The Back door with
a green Blankey on his shooder a Took it in The
house across The Street, Than change it at Trial
say I drased it and Put it in The yard across
The Street.  Detectiv Still of Gretna Police Took
My Blood For DNA and Put it on My Jeans.

D.   Ground four: Gretna Police Dectectiv Still Have Pitcher
ThatWas used at trial with Drag mark in FronTofthehouse
Supporting FACTS (state briefly without citing cases or law):   But Pleas Look at the
Pitcher Becaus The Trees are cut and The
house Been PainTed Thats Like Three years
Later and The Drag marks or comeing From
The FronT Porch. Also They are Five other People in
My TranscripT That never came To courT, But
They say They came To court But They didnt.

13.   If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state
briefly what grounds were not so presented, and give your reasons for not presenting them:   Claim raised
In Supplementtal Brief 1 throuch 24, 11 throuch 24 the state
fail to answer them

14.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
yes  L  no  ✓  u

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment

AO 241   (Rev. 5/85)

attacked herein:

(a) At the preliminary hearing   ~~Julian Joseph Rodrigue, Jr. Esq. 604 E. Richard St. P.O. Box 149, Covington, La.~~

Katherine Guste

(b) At arraignment and plea   ~~Julian Joseph Rodrigue, Jr. Esq. 604 E. Richard St. P.O. Box 149, Covington, La.~~

"                    "

(c) At trial   "Katherine" Gust

(d) At sentencing   "Katherine Gust

(e) On appeal   Katherine McFawks

(f) In any post-conviction proceeding   NONE

(g) On appeal from any adverse ruling in a post-conviction proceeding   NONE

16.   Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes |     | No | ✓ |

17.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes |     | No | ✓ |

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:   Life

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes |     | No |     |

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

None

_____
Signature of Attorney (if any)

AO 241   (Rev. 5/85)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

4   /25/2015
_____
Date

_____
Signature of Petitioner

Phillip Knight #118589
Camp C Wagar-L-4
Louisiana State Prison
Angola, La. 70712-

Apr/24, 2015

Clerk of Court
U.S. District Court
Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, La. 70130

RE: Phillip Knight #118589 V N. Burl Cain, Warden, Civ. No. _____

Dear Clerk:

Please find enclosed an Original of my pro se Petition for Federal Habeas Corpus (28 U.S.C. §2254) and accompanying Memorandum of Law in Support in the above referenced civil matter.

I respectfully ask that you please file same into the docket of this court for judicial consideration and disposition.

Your cooperation and time in this matter are greatly appreciated.

Respectfully,

Phillip Knight

In The
United States District Court
Eastern District Of Louisiana


Phillip Knight
Vs. No 8
NaBurl Cain, Warden


An Petition For Federal Habeas Corpus (28 U.S.C. §
12254) From the Twenty-Fourth Judicial District
Court, Parish Of Jefferson State Of Louisiana.


Respectfully submitted this 24 day of 4 2015.


Phillip Knight # 112589
Camp-C Ash 1-1-4
La. State Penitentiary
Angola, La. 70712

# Table Of Contents

Appendicess                                               Page

Certification Of Petitioner                                  9
Table Of Contents                                           99
Table Of Authorities And Citations Of Cases 999
Memorandum Of Law In Support Of Petition 1-2
For Federal Habeas Corpus
Standard Of Review                                           2
Timeliness Of Petition                                       3
Procedural Implication-Rule Of State Post-Con -4-9
viction
Conclusion                                                  10
Certificate Of Service                                      10

# Table Of Authorities And Citations Of Cases

Cases:                                                              Page:

Williams V Taylor 120 S.ct. 1495, 529 U.S. 362 (2000) (2)

Yarborough V. Alvarado, 124 S.ct 2140, U.S. (2004) . (2)

Artuz V Bennet, 121 S.ct. 361, 531 U.S. 4 (2000)        (3)

Carey Vo Saffold, 122 S.ct. 2134 536 U.S. 214 (2002). (3)

State V Williams 183 F.3d 458 (5th Cir. 1999)           (5)

Bennett V Whitley 41 F.3d 1581 (5th Cir. 1995)          (6)

Euitts V Lucey, 469 U.S. 389 (1985)                     (6)

Murray V Carrier 477 U.S. 478 (1986)                    (6)

McQueen V Swenson, 498 F.2d 207 (8th Cir. 1974)         (9)

Strickland 466 U.S. at 60                               (9)

Martinez V Ryan U.S. 132 S.ct. 1309 (2012)        (5) (9)

Trevino V Thaler U.S. 133 S.ct. 1911 (2013)             (5)

In The United States District Court
Eastern District Of Louisiana

Phillip Knight

-Versus-

N. Burl Cain, Warden

Civil Action

Number:

Judge:

Magistrate:

Memorandum Of Law In Support
Of Petition For Federal Habeas Corpus

May It Please The Court:

Now Into Court comes Phillip Knight, Pro'Se Pet-
itioner, who respectfully presents his Memorandum of
Law in Support of Petition for Federal Habeas Corpus,
and who respectfully prays this Honorable Court will
Accept and consider same in concert with his Petition
for Federal Habeas Corpus pursuant to 28 USC § 2254.

Procedural History

On July 1, 2008, petitioner was convicted of LSA-
R.S. 14:30.1, relative to second degree murder. On July
28, 2008, the court sentenced Knight to life imprisonme-
-t at hard labor. The state fifth circuit of appeal court Af-
firmed petitioners conviction. State v Knight. 09-359 (La
App. 5 Cir. 2-9-10). 34 So. 3d 307; writ denied State V Knig-
ht Ex rel. 2010-2444 (La. 10-21-11). 73 So. 3d 376.

Petitioner filed an application for post-convic-
tion relief on May 24, 2013 asserting the following
claims:

(1) Arresting officer failed to advise him of his rights.
(2) Warrantless search of his house three times.
(3) No handwriting specialist examined writing on the
    wall.
(4) Witness changed his statement at trial and was
    coached by detective.

(1)

(5) Ineffective assistance of counsel
(6) Case prescribed
(7) Defendant was "set up" by Gretna Police Department.
(8) Right to fair trial was violated when State introduced evidence as evidence to convict that was not in evidence.
(9) Defendant was not informed of nature or cause of accusation; defendant was not allowed to confront witnesses.
(10) "Star Chamber not PeSfth me in all proceeding" (asserting Judge Benge was corrupt).

The state district Judge denied relief. State Vs Knight No. 00-6148 Div.(N) Twenty-Fourth Judical District Court Parish of Jefferson July 19, 2013. The state appellate court and the Louisiana Supreme Court denied Knights application for writs. State Vs Knight. 09-359 (La.app. 5th Cir 2-9-10); State EX rel. Knight Vs State 10-2444 (La. 10-21-11) 73 So.3d 376.

The Fifth Circuit Court of Appeal granted Knight pro se writ under reviews of the district courts July 19, 2013 State V Knight No 13-KH-681 9-4-13.

Petitioner now seeks to vacate his conviction asserting that this claims raised in his state habeas proceeding discribed above has merits.

## Standard of Review

A petition for a writ of habeas corpus on behalf of a person in custody pursuant to the Judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in the state court proceeding unless the adjudication of the claim (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254 (d)(1) Williams V Taylor 129 S.ct. 1495 529 U.S. 362 (2000); Yarbrough V Alvarado 1248 0. 2140 U.S. (2004).

(2)

# Timeliness Of Petition

A 1-Year period of limitation shall apply to an petition for a writ of habeas corpus by a person in custody pursuant to the Judgement of a State Court. The limitation period shall run from the latest of (A) the date on which the Judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review (B) the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such state action (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cause on collateral review, or (D) the date on which the actual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C § 2244 (d)(1). The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent Judgement or claim is pending shall not be counted toward any period of limitation under this subsection 28 U.S.C § 2244 (d)(2). Artuz V. Bennati 121 S.Ct. 361,531 U.S. 4 (2000); Carey V. Saffold, 122 S.ct 2134 536 U.S. 214 (2002).

## Procedural Implication - Role Of State Post-Conviction

In theory, those convicted of crimes still have remedies even if their convictions have been affirmed on direct appeal. Post conviction has become a last resort for pro se petitioners. State post conviction relief is a given right that allows these same pro-se prisoners to have the state courts relieve the legal errors that occurred at trial where court-appointed attorneys most than likely failed to bring on direct appeal and allows for expansion of the record to support petitioner's claims of ineffective assistance of counsel where the original transcript did not reflect the constitutional error. More important, state post-conviction is often the first and only time a court hear claims of ineffective assistance of counsel, prosecutorial misconduct, defective jury instructions, or facts discovered subsequent to or after trial support the petitioner's convictions were obtained in violation of the Constitutions of the United State or Louisiana. Under the provisions of USCA § 2254, state post-conviction remedies are required to be brought to the state court's attention and exhausted before federal habeas review.

In this case Ms. Katherine M. Franks, appellate counsel, provided ineffective assistance of counsel when she failed to include three issues below on direct appeal than abandoned petitioner's right to timely present the claims of (1) petitioner was deprived of his Fourth Amendment right to privacy when detectives entered his home without a warrant to secure photographs, (2) The trial Judge erred not only in denying the defense motion to suppress, a error that became devastating to the defense case when the photographs was introduced during the trial as evidence of specific intent. She (3) also erred in allowing the phot-

(4)

graphs into evidence over defense objections to both relevance and authenticity.

However, a review of the constitutional violation cited in the application for post conviction support both trial and appellate counsel's deficient and prejudice representation at trial and on appeal "falls below an objective standard of reasonableness".

These claims contain solid meritorious arguments based on direct controlling precedent and in fundamental fairness must be brought to the court's attention and reviewed on the merits. United States v Williams 183 F.2d 458 (5th Cir. 1999).

In the event the State alleges that Claims 2, 3, 4 & 8 is procedurally barred, petitioner will agree that the State has a right not to consider these four claims on post conviction under the provisions of La. C.Cr.P. art. 930.4 (A). However, Claims 2, 3, 4 & 8 not barred from federal habeas review. Article 930.4 (A) may preclude a Louisiana court from considering the merits of a claim that has already been raised on direct appeal in a state habeas proceeding unless in the "interest of justice". However, it does not deny a petitioner the right to present his claims that has been fully exhausted in a federal habeas petition for review on the merits. The bar imposed by Article 930.4 is not a procedural bar in the "traditional sense" nor is it a decision on the merits.

The state court's decision may be adequate in preventing review of the claim in a post conviction application, however, that decision does not prevent the federal court from reviewing these same claims and reaching the merits in a federal habeas petition as long as they are timely filed and properly exhausted. Martinez v Ryan U.S. 132 S.Ct. 1309 (2012). Trevino v Thaler U.S. 133 S.Ct. 1911 (2013).

In Bennett V Whitley 41 F.3d 1581 (5th Cir 1995) the court held: A state's refusal to listen to a habeas claim because it was decided on direct appeal does not impose a procedural bar to Federal review of the constitutional issues. A due deligent effort was made by petitioner to Exhaust Claims 2,3,4 & 8 by filing an Supplemental Brief, despite the fact that Ms. Katherine M. Franks Abandon these claim on direct appeal. Therefore, an objective factor external to the defense which constitute cause that prevented Knight from raising his four claims on direct appeal.

Futhermore, the United States Supreme Court in Evitts V Lucey, 469 U.S. 389 (1985) held that an indigent criminal defendant has the constitutional right to the effective assistance of counsel for his or her First appeal. See Murray V Carrier 477 U.S. 478 (1986)

A criminal defendant has a constitutional right to receive effective assistance of counsel on direct appeal and counsel's failure to object to the constitutional errors at trial and properly present the remaining postconviction claims on direct appeal should be governed by the familiar two part Strickland test. More important, failure to find that the ineffectiveness of trial and appellate counsel constitutes cause and prejudice and reach the merits of the claims argued here in will result in a fundmental miscarriage of Justice because petitioner is innocent. Therefore, prejuding his right to seek review of all constitutional violation that rendered his trial fundmentally unfair.

Petitioner has submitted excusable reasons on his application form and in this Habeas Corpus for failure of appellate counsel to bring Claims 2,3,4 & 8 on direct appeal to comply with La. C. Cr P. art 930.4 (F).

(16)

Therefore, objective external factors, such as the ineffectiveness of trial and appellate counsel that was no fault of petitioner, made compliance with any procedural bar or default rules impracticable.

Thus, based upon the foregoing constitutional violations claims presented in petitioner's post-conviction filings and his trial which are true and correct, Phillip Knight's conviction and sentence should be reversed, and an order of acquittal entered.

In the alternative, this matter should be remanded in the District Court for an evidentiary hearing concerning petitioner's claim of ineffective assistance of trial and appeal counsel.

Lt. Mike Bones should had been required to testify to Knight's defense concerning that he had witness Detective Stell put the victim's blood on Knight's Jeans, and that Knight had no cuts on his body. Detective Stell described the blanket with victim body was wrapped as in "blue comforter quilt while Dr. Garcia described it in her trial testimony as a(green) and (beige) quilt. The perjured testimony of & Mr. Bristo's statiens that he saw Knight exit the back door of the victim's house dragging the bundle across the street, where it contradicts the photograph, evidence that showed drag marks near the victims front porch; also the prosecutor used pictures at Knights trial of the trees in which was cut down a year later; it also shows that the house was painted.

Attorney Katherine Caste should be required to testify to her deficient and prejudicial representation concerning the failure to subpoena a qualified expert to testify the handwriting.

(7)

To support Knight's claim of ineffectiveness of trial attorney Mr. Knight points to counsel objection where she stated that "... We don't have any handwriting samples.

The prosecutor rebuttal argument is unsupportive pointing to Knights argument of Mr. Bristos contradicting testimony where they stated that Knight cites were known to him at the time of trial, but he fail to make an timely objection. And since Knight failed to object during trial he waived his rights to assert the error on appeal.

However, in Knight's final pro se claim. Knight made an argument that his trial was fundamentally unfair because the trial court refused to appoint a different attorney. Knights asserts that his trial attorney had a conflict of interest and due to this conflict counsel challenged Knight competency and moved for a mistrial, counsel argued that Knight is an paranoid schizophrenic, and that Knight did not understand the proceedings, and that he was unable to assist in his defense. This conflict was held out of the presence of the Jury. Thereafter, Judge Jan Benti ordered Knight to be placed on medication injecting Knight with "Heldal".

In this case, Knight has overcome the presumption of effective assistance. Each single error complained of herein by the petitioner's counsel is of constitutional dimension and entitles petitioner to a reversal. The errors complained of demonstrate that counsel's total performance was below the level of professional skill customary for competent counsel similarly situated at trial and direct appeal.

Knight, by presenting the foregoing with the law in support, satisfied the first element of his ineffective assistance claim. Knight proved that his trial and appellate attorney failed to perform with the degree with which reasonable competent counsel would perform under similar circumstances.

(8)

The second requirement is establishing prejudice. In many instances ineffective assistance of counsel may have had so pervasive an effect on the process of guilt determination that it is impossible to determine accurately the prejudice. McQueen V Swenson; 498 F. 2d 207 (8th Cir. 1974)

Here for reason stated in this argument counsel's errors prejudiced the petitioner to the extent that the "undermine confidence in the outcome." both at trial and on direct appeal Martinez V Ryan U.S. 132 S.ct. 1309 (2012) Knight have demonstrated that his trial and appellate counsel's services fell "outside the wide range of professionally competent assistance" and that "there is a reasonable probability that but for those unprofessional error, the result of the proceeding would have been different Strickland 466 U.S. at 16

Accordingly, petitioner is entitled is entitled to a new trial in this matter, or in the alternative, an evidentiary hearing so that a record will establish that attorney Katherine Guste's representation was deficient and that deficient performance were prejudicial beyond strategic choices.

Further, attorney Katherine M. Franks was ineffective and should be required to allege Ms. Guste's ineffectiveness and bring these claims on direct appeal. La. C. Cr P. art. 930.4 (F).

An evidentiary hearing, a record will be established that supports petitioners claims that Knight had a pending law suit on Judge Jan Benji (trial Judge) for corruption, and that she dismissed a Juror for asking an key question concerning the Knife (which was) the murder weapon. Therefore, petitioner is entitled to the requested relief.

## Conclusion

Wherefore, Premises of Petitioner Considered &

Petitioner Phillip Knight, respectfully prays that this Honorable Court will accept his for-going Memorandum of Law in Support of Petition for Federal Habeas Corpus and consider same in concent with his Petition for Habeas Corpus persant to 28 U.S.C. § 2254. Petitioner Phillip Knight, further prays that this Honorable Court, after due consideration of the law and the facts presented by Petitioner in these proceeding, that Petitioner is granted Federal habeas corpus and that his underlying state conviction is remanded back to the state district court for further proceeding.

Respectfully submitted this 24 day of April ____ 2015.

Phillip Knight #118589
Camp C Inc. 1-L-4
La. State Penitenary
Angola, La. 70712

## Certificate of Service

I Phillip Knight #118589, hereby certify that I have served a true and correct copy of the above and forgoing upon the Respondent, through the District Attorney of Parish of Twenty-Fourth District Court of Jefferson Parish by placing same in the Institutions Legal Mail System or depositing in the U.S. Mail, properly addressed and with proper first-class postage pre-paid, on this 24 day of April, 2015.

Phillip West
Petitioner

(10)

PHILLIP J. KNIGHT

VERSUS

24TH JUDICIAL, STATE OF LOUISIANA

NO. 14-KH-265

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**WRIT DENIED**

    Upon review of relator's writ application seeking review of the district court's denial of his application for post-conviction relief, we find no error in the district court's February 6, 2014 ruling denying relator's application for post-conviction relief filed on May 24, 2013. Further, we find that, on the showing made, relator failed to prove that the district court erred in its ruling on the eleven claims set forth in relator's application for post-conviction relief. We find that relator only provided conclusory allegations in both his application for post-conviction relief and the current writ application without any evidence or facts to support any of the claims.

    Additionally, the issues outlined in claims six, nine, eleven, thirteen and fourteen of relator's writ application will not be considered by this Court as they were not previously raised by relator in his application for post-conviction relief. As such, there is no ruling or judgment from the trial court on these specific claims for this Court to review.

    Gretna, Louisiana, this 30th day of May, 2014.

 

**JUDGE JUDE G. GRAVOIS**

 

**JUDGE MARC E. JOHNSON**

BAC

**JUDGE ROBERT A. CHAISSON**

A TRUE COPY
GRETNA

MAY 30 2014

DEPUTY CLERK
COURT OF APPEAL, FIFTH CIRCUIT

*I Died raised all My claim they still wont leve me alone*

# *Application For Writs*

## No. **13-KH-681**

## COURT OF APPEAL, FIFTH CIRCUIT

## STATE OF LOUISIANA

**AUGUST 16, 2013**

*Susan Buckley*

Deputy Clerk

**STATE OF LOUISIANA**
**VERSUS**
**PHILLIP KNIGHT**

IN RE  PHILLIP KNIGHT

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE RAYMOND S. STEIB, JR., DIVISION "A", NUMBER 00-6148

**Attorneys for Relator:**

Phillip Knight #118589
Louisiana State Penitentiary
Angola, LA 70712

**Attorneys for Respondent:**

Terry M. Boudreaux
Assistant District Attorney
200 Derbigny Street
Gretna, LA 70053
(504) 368-1020

**WRIT GRANTED**
(See Attached)

Gretna, Louisiana, this _4th_ day of _September_, 2013.

STATE OF LOUISIANA                    NO. 13-KH-681

VERSUS                                FIFTH CIRCUIT

PHILLIP KNIGHT                        COURT OF APPEAL

                                      STATE OF LOUISIANA

### WRIT GRANTED

In his *pro se* writ application, Relator seeks review of the district court's July 19, 2013 denial of his application for post-conviction relief (APCR). Relator contends the court erred in denying his APCR as untimely.

Relator was convicted of second degree murder on July 1, 2008, and sentenced to life imprisonment on July 28, 2008. His conviction and sentence were affirmed by this Court on appeal on February 9, 2010. *State v. Knight*, 09-359 (La. App. 5 Cir. 2/9/10); 34 So.3d 307. The Louisiana Supreme Court denied writs on October 21, 2011. *State ex rel. Knight v. State*, 10-2444 (La. 10/21/11); 73 So.3d 376. Under La. C.Cr.P. art. 930.8, Relator has two years from the date his conviction and sentence became final to file an APCR. Thus, Relator has until October 21, 2013 to file an APCR. *See* La. C.Cr.P. art. 922(D). Relator filed his APCR on May 24, 2013, which is within the two-year prescriptive period. As such, we find the district court erred in denying Relator's APCR as untimely.

Accordingly, we vacate the district court's July 19, 2013 ruling and remand the matter for the district court to reconsider Relator's timely filed APCR.

Gretna, Louisiana, this 4th day of September, 2013.

_____
JUDGE MARC E. JOHNSON

_____
CHIEF JUDGE SUSAN M. CHEHARDY

_____
JUDGE ROBERT A. CHAISSON

A TRUE COPY
GRETNA

SEP 0 4 2013

DEPUTY CLERK
COURT OF APPEAL, FIFTH CIRCUIT

# *Application For Writs*

## No. 13-KH-681

# COURT OF APPEAL, FIFTH CIRCUIT

# STATE OF LOUISIANA

**AUGUST 16, 2013**

*Susan Buckley*

Deputy Clerk

**STATE OF LOUISIANA**
**VERSUS**
**PHILLIP KNIGHT**

IN RE  PHILLIP KNIGHT

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE RAYMOND S. STEIB, JR., DIVISION "A", NUMBER 00-6148

**Attorneys for Relator:**

Phillip Knight #118589
Louisiana State Penitentiary
Angola, LA 70712

**Attorneys for Respondent:**

Terry M. Boudreaux
Assistant District Attorney
200 Derbigny Street
Gretna, LA 70053
(504) 368-1020

**WRIT GRANTED**
(See Attached)

Gretna, Louisiana, this 4th day of September , 2013.

STATE OF LOUISIANA                          NO. 13-KH-681

VERSUS                                      FIFTH CIRCUIT

PHILLIP KNIGHT                              COURT OF APPEAL

                                            STATE OF LOUISIANA

**WRIT GRANTED**

    In his *pro se* writ application, Relator seeks review of the district court's July 19, 2013 denial of his application for post-conviction relief (APCR). Relator contends the court erred in denying his APCR as untimely.

    Relator was convicted of second degree murder on July 1, 2008, and sentenced to life imprisonment on July 28, 2008. His conviction and sentence were affirmed by this Court on appeal on February 9, 2010. *State v. Knight*, 09-359 (La. App. 5 Cir. 2/9/10); 34 So.3d 307. The Louisiana Supreme Court denied writs on October 21, 2011. *State ex rel. Knight v. State*, 10-2444 (La. 10/21/11); 73 So.3d 376. Under La. C.Cr.P. art. 930.8, Relator has two years from the date his conviction and sentence became final to file an APCR. Thus, Relator has until October 21, 2013 to file an APCR. *See* La. C.Cr.P. art. 922(D). Relator filed his APCR on May 24, 2013, which is within the two-year prescriptive period. As such, we find the district court erred in denying Relator's APCR as untimely.

    Accordingly, we vacate the district court's July 19, 2013 ruling and remand the matter for the district court to reconsider Relator's timely filed APCR.

Gretna, Louisiana, this 4th day of September, 2013.

JUDGE MARC E. JOHNSON

CHIEF JUDGE SUSAN M. CHEHARDY

JUDGE ROBERT A. CHAISSON

A TRUE COPY
GRETNA
SEP 0 4 2013

DEPUTY CLERK
COURT OF APPEAL, FIFTH CIRCUIT

TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 00-6148                                          DIVISION " A "

STATE OF LOUISIANA

VERSUS

PHILLIP KNIGHT

FILED : 10-7-13                                      _____
                                                     DEPUTY CLERK

## ORDER

This matter comes before the court on remand from the Fifth Circuit Court of Appeal, *State v. Knight*, 13-KH-681 (La. App. 5 Cir. 9/4/13), to consider defendant's **APPLICATION FOR POST-CONVICTION RELIEF, STAMPED AS FILED MAY 24, 2013.**

On July 1, 2008, the defendant was convicted of LSA-R.S. 14:30.1, relative to second degree murder. On July 28, 2008, the court sentenced him to life imprisonment at hard labor. The Fifth Circuit Court of Appeal affirmed the conviction. *State v. Knight*, 09-359 (La. App. 5 Cir. 2/9/10), 24 So.3d 307; writ denied, *State ex rel. Knight*, 2010-2444 (La. 10/21/11), 73. So.3d 376.

The defendant filed an application for post-conviction relief, alleging the following claims:

1.   Arresting officer failed to advise him of his rights.
2.   Warrantless search of his house three times.
3.   No handwriting specialist examined writing on the wall.
4.   Witness changed his statement at trial and was coached by detective.
5.   Ineffective assistance of counsel.
6.   Case prescribed.
7.   Defendant was "set up" by Gretna Police Department.
8.   Right to fair trial was violated when State introduced evidence as evidence to convict that was not in evidence.
9.   Defendant was not informed of nature or cause of accusation; defendant was not allowed to confront witnesses.
10.  False Document
11.  Star Chamber not fear with me in all proceeding. (alleging Judge Benge was corrupt)

Post-conviction relief law requires that if an application alleges a claim which, if proven, would entitle petitioner to relief, the court shall order the district attorney to file any procedural objections, or an answer on the merits if there are no procedural objections, within 30 days. La.C.Cr.P. art. 927. A district court may grant a summary disposition on an application for post conviction relief only after the required answer by the State has been filed. La.C.Cr.P. art. 929.

For these reasons, it is the order of this court that the State file a response raising what ever procedural objections it may have, or if no procedural objections, an answer on the merits to petitioner's allegations.

Accordingly,

**IT IS ORDERED BY THE COURT** that the State file a response within thirty (30) days raising whatever procedural objections it may have, or if no procedural objections, an answer within thirty (30) days on the merits.

Gretna, Louisiana, this _____ 9ᵗʰ _____ day of _____, 20 13.

                                                     _____
                                                     JUDGE

**PLEASE SERVE:**
PRISONER: Phillip Knight, DOC # 118589, Louisiana State Prison, Angola, LA 70712

Terry Boudreux, District Attorney's Office, 200 Derbigny St., Gretna, LA 70053

Recei Don 10-9-13 (ORL)
Don Don 10-9-13

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

**RECEIVED**

FEB 1 2 2014

**W.F.P.S.O.**

TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 00-6148                                                    DIVISION " A "

STATE OF LOUISIANA

**R E C E I V E D**

VERSUS

PHILLIP KNIGHT                                    FEB 1 7 2014

FILED : 2-6-14                                    _____
                                                  Legal Programs Department
                                                  **DEPUTY CLERK**

## O R D E R

This matter comes before the court on remand from the Fifth Circuit Court of Appeal, *State v. Knight*, 13-KH-681 (La. App. 5 Cir. 9/4/13), to consider defendant's **APPLICATION FOR POST-CONVICTION RELIEF, STAMPED AS FILED MAY 24, 2013, and STATE'S RESPONSE, STAMPED AS FILED NOVEMBER 26, 2013.**

On July 1, 2008, the defendant was convicted of LSA-R.S. 14:30.1, relative to second degree murder. On July 28, 2008, the court sentenced him to life imprisonment at hard labor. The Fifth Circuit Court of Appeal affirmed the conviction. *State v. Knight*, 09-359 (La. App. 5 Cir. 2/9/10), 34 So.3d 307; writ denied, *State ex rel. Knight*, 2010-2444 (La. 10/21/11), 73. So.3d 376.

The defendant filed an application for post-conviction relief, alleging the following claims:

1. Arresting officer failed to advise him of his rights.
2. Warrantless search of his house three times.
3. No handwriting specialist examined writing on the wall.
4. Witness changed his statement at trial and was coached by detective.
5. Ineffective assistance of counsel.
6. Case prescribed.
7. Defendant was "set up" by Gretna Police Department.
8. Right to fair trial was violated when State introduced evidence as evidence to convict that was not in evidence.
9. Defendant was not informed of nature or cause of accusation; defendant was not allowed to confront witnesses.
10. False Document
11. "Star Chamber not fes ith me in all proceeding." (alleging Judge Benge was corrupt)

### Claim #1

Petitioner claims that he was not advised of his rights upon arrest. The court finds no merit to this claim. As the State points out in its response, the record reflects that petitioner was advised of his rights at Gretna Police Department. Furthermore, the appellate opinion indicates that after petitioner was advised of his rights, he made a brief statement that was exculpatory, rather than inculpatory. He told police that he did not kill his father. *State v. Knight*, 34 So.3d at 312. Petitioner fails to demonstrate any basis for relief.

### Claim #2

Petitioner claims that police searched his house three times without a search warrant. Petitioner's claim is barred from review under LSA-C.Cr.P. Art. 930.4(C), which states that unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered. This claim, or issues within this claim, was previously an argued assignment of error, and was fully litigated in petitioner's direct appeal. The merits of this claim shall not be reviewed by this court in post-conviction relief.

### Claim #3

Petitioner claims that the handwriting on the wall was attributed to petitioner without a handwriting specialist. Petitioner's claim is barred from review under LSA-C.Cr.P. Art. 930.4(A), which states that unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered. This claim, or issues within this claim, was previously an argued assignment of error, and was fully litigated in

petitioner's direct appeal.  The merits of this claim shall not be reviewed by this court in post-conviction relief.

### Claim #4

Petitioner argues that a witness was allowed to change his statement at trial by being coached by a detective. As the State points out in its response, petitioner's claim is barred from review under LSA-C.Cr.P. Art. 930.4(A), which states that unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered. This claim, or issues within this claim, was previously an argued assignment of error, and was fully litigated in petitioner's direct appeal. Furthermore, the court finds petitioner's claim speculative and conclusory. The merits of this claim shall not be reviewed by this court in post-conviction relief.

### Claim #5

Petitioner claims that counsel was ineffective for failing to object to the knives being introduced at trial. It is clear that the petitioner has a Sixth Amendment right to effective legal counsel. Under the well-known standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Washington*, 491 So.2d 1337 (La.1986), a conviction must be reversed if the defendant proves (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. *State v. Legrand*, 2002-1462 (La.12/3/03), 864 So.2d 89.

To be successful in arguing a claim of ineffective assistance of counsel, a post-conviction petitioner must prove deficient performance to the point that counsel is not functioning as counsel within the meaning of the Sixth Amendment. A petitioner must also prove actual prejudice to the point that the results of the trial cannot be trusted. It is absolutely essential that both prongs of the *Strickland* test must be established before relief will be granted by a reviewing court.

Furthermore, there is a strong presumption that counsel's performance is within the wide range of effective representation. Effective counsel, however, does not mean errorless counsel and the reviewing court does not judge counsel's performance with the distorting benefits of hindsight, but rather determines whether counsel was reasonably likely to render effective assistance. *State v. Soler*, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075.

The Supreme Court has emphatically directed that, "in evaluating the performance of counsel, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-691, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Mindful of controlling federal and state jurisprudence, this court now turns to the specific claim of ineffective assistance made in the instant application. Petitioner argues that counsel should have objected to the knives being introduced into evidence. The court finds no merit to this claim. As the State surmises in its response, the decision to lodge objections goes to trial strategy. The record reflects that defense counsel did lodge objections in this case during trial. Furthermore, the victim in this case was stabbed. Counsel was not ineffective for failing to object, and petitioner cannot prove prejudice, as any objection would have been frivolous. The court finds no deficiency in counsel's performance, and no prejudice resulting.

### Claim #6

Petitioner claims that counsel was ineffective because petitioner's claim had prescribed by the time he was convicted. As the State points out in its response, this claim is procedurally barred as the right of dismissal is waived unless a Motion to Quash is made prior to trial. LSA-C.Cr.P. art. 581. Furthermore, the court record contains numerous pre-trial court continuances requested by the defense (4/2/01, 3/9/04, 6/21/04, 6/20/05, 7/18/05, 8/15/05) or joint by defense and state (1/11/01, 5/21/01, 2/4/02, 12/12/03, 3/23/04, 5/3/04, 7/19/04), which clearly interrupts prescription. The court finds no merit to this claim.

### Claim #7

Petitioner claims that he was set up by a detective in Gretna Police. Petitioner submits no facts or evidence in support of this claim. The court finds this claim speculative and conclusory.

Claim #8
Petitioner claims that his right to a fair trial was violated when the state "introduced evidence as evidence to convict that was not evidence." As the State surmises in its response, the appellate court reviewed sufficiency of evidence on direct appeal. Petitioner's claim is barred from review under LSA-C.Cr.P. Art. 930.4(A), which states that unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered. This claim, or issues within this claim, was previously an argued assignment of error, and was fully litigated in petitioner's direct appeal. The merits of this claim shall not be reviewed by this court in post-conviction relief.

Claim #9
Petitioner claims that he was not informed of the nature of the accusation and was not allowed to confront witnesses. He also claims that he never had the right to a speedy trial, or to have assistance of counsel for his defense and to cross examine witnesses. The court finds no merit to this claim. Petitioner was advised of a bill of indictment filed against him, and the reading of the bill was waived at arraignment on October 27, 2000. Discovery production was conducted with the assistance of appointed counsel. Petitioner failed to object at pre-trial, and thus, any complaint at this time would be procedurally barred. Under LSA-C.Cr.P. art. 930.4(B), if an application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise at the proceedings leading to the conviction, the court may deny relief. Petitioner should have raised this claim at pre-trial proceedings. This claim is procedurally barred.

Claim #10
Petitioner claims that the transcripts for his appeal are inaccurate. Petitioner submits no facts or evidence in support of this claim. The court finds this claim speculative and conclusory.

Claim #11
Petitioner claims that Judge Benge was biased and was later found guilty of corruption. Petitioner fails to point to any specific action of the judge that would show bias or corruption in his case. The court finds no merit to this claim.


Accordingly,
**IT IS ORDERED BY THE COURT** that petitioner's application for post-conviction relief be and the same is hereby **DENIED**.

Gretna, Louisiana, this ____ day of _____ 2014.

_____
JUDGE

**PLEASE SERVE:**
PRISONER: Phillip Knight, DOC # 118589, Louisiana State Prison, Angola, LA 70712

Terry Boudreux, Andrea Long, District Attorney's Office, 200 Derbigny St., Gretna, LA 70053

A TRUE COPY OF THE ORIGINAL ON FILE IN THIS OFFICE.

_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON

Phillie Knight #118584

- The 24th Judicia V.S
  The State of Louisiana                    No: 00-6148

Pro Se on 9-1-2000, Phillie Knight was arrested
For Second Degree Murder of his Farther
on 9-1-2000 Phillip Knight was arrested in Mary Poppins
apartment in Harvey Jefferson Parish Louisana
By Two Black Jefferson Parish Polke a mail male and
Fimale. No rights was read, or what He was
Being Arrested For. on 9-1-2000 Detectiv
Still of The Gretna Police Department
and other officer said That Detectiv Still
knock on The Door of 2303 Claire Av.
in Gretna Louisiana and The Door Came
open and he wheat inside, There was No
loude Nose comeins From me and my Daddy
house this is where I Liv he wheat in-
side with out a Search warrant. Than
Dectiv Still spid my LandLaw Let Lim
in Than another time He spid my Brother
David Knight Let Lim in 2.Thats Three
Times with out a Search warrant

3. Brady Claim: The State and The 24th Judicial
   and The 5th Circuit court of Appeals.
     Petitioner received infective assistance of Prosecution
   Prior to Post-conviction Relief and Appeal in violation
   of the Sixth Amendment to the United States constitution.
   the Prosecution Failed to call or Subpoena Petitioner requested
   witnesses who would have supported that defense:
   witnesses Mrs Rose She works at Jefferson Parish Jail
   She is The Lady where Roderick Bristol was if when
   he said He saw someone come out the Back door
   of 2303 Claier Av. witness hearmen Dutchman
   The man who Found The Boddi; witness Lt MIKE BONES
   of The Jefferson Parish Jail, The Transporting officer. witnesses
   The mental Health Doctors of Jefferson along with social
   worker Mrs Barbra. at Jefferson Parish Jail
   Prosecutors Failed to investigate and adequately prepare
   For trial insted seekins only To say I have No proof
   I seek recusal of the Judge and/or District Attorney
   when an obvious bias exis against Petitioner.

1.

4. Judge Joan Bense did not alaw mental health Doctor to come to court. Theres a voice recorder and Pitcher camera in that court House. That court House had a make over it was up Dated.

5. Michael Smith The asstance DA. is say I Been To Jackson mental Health House Spital 4 Time and I only Been There once Thats when I Filed That Motion To Squash.

They are saying That to Live For Holding me in The Parish Jail Eight and a half years.

6. If I Failed To rise These Ground or any other Grounds I am on a Lot of medication and Im doing This whithout a Transcript or Police Report. Something was Just told To To me By my appeal Lawyer This The only Time I Talk To her. ok.

7. on 9-1-2000 Detectiv Still conducted a investagation of me and my Daddy Bobby Knight house He wheat in The house Two Times and did not see any hand writting on The wall The Thirn Time He wheat in he discover writting with Someone in our house Takeing our Thins Roderick Bristol was That Person in our house He could have Put That writting on The wall They didnt Even use a hand writting specialist To Tell The hand writting was For.

8. witness Rodrick Bristol was aloud to change his statement at Trial. By saying I was Tdiing To cash my Daddy Social Secruity check. First He said it was a insuracen Policey.

9. Rodrick Bristol chause His statement By say By saying at First That he saw Someone carying The Bodie out of The Back door and Bring it in The house across The street. Then He change his statement By saying That Person Dras The Bodie and did not Bring it in The house across The street.

10. Roderick Bristol had a outstandins attachment out For his arrest For D.W.I. and Burslery.

11. The conviation was obtained in violation of The Constitution of the united State Six amendment and Article 1.13 of the Louisiana constitution of 1974 to assistance of counsel. mrs. Kathrine Gust Failed to conduct Pre trial jurestigations and Fail to object to Kniffes being used as murdder wepons at trial the kniffes was Taked From my house as muoder wepons and used at trial. All The Jury Put on, gloves and Piak Them, up with other Items This Prejedus The Jury it made me Look Bad in court.

12. The conviction was obtained in violation of the Constitution of the United State Sixth Amendment and Article 1§13 of the Louisiana constitution of 1974 Right to assistance of counsel. Mrs. Kathrine Gust failed to conduct the trial investigation and fail to object to hand writting on the wall because they did not use hand writting specialist its not my hand writting

13. The conviction was obtained in violation of the Constitution of the United States Sixth Amendment and Article 1§13 of the Louisiana constitution of 1974, Right to assistance of counsel. Mrs. Kathrine Gust failed to conduct Pre trial investigations and fail to object to my Farther Blood and my Blood set on my Jeans, I did not have any cuts on my Boddie I was Booked in The Parish Jail in good health.

14. The conviction was obtained in violation of the constitution of the United States Sixth Amendment and Article 1§13 of the Louisiana constitution of 1974 Right To assistance of counsel mrs Kathrine Gust failed to conduct pre trial investigations and Fail to object to The mud being on my Boots Jeans was not from The murder screen whear they found The Boddie.

15. I Never had The right to a Speedy and Public Trial By a impartial Jury of the State and which district shall have been Previously ascertained by Law and to be confronted with the witnesses against me and accusation. To have compulsory Process for obtaining witnesses in my Favor and To have assistance of counsel For my defence. Nither was There my counsel ate me to cross examan witnesses.

16. I only had two witnesses From around my house. Rodirick Bristol and herman Dutchman no one Els. But on my Appeal, and in my Transcript They have a lot of people in it That did not go to Trial or ever came to court

17. Judge Joan S. Benge had me Philip Knight mediated Put on a lot of meds for no reason and she knew Tha all evidence was not enough To convict me she was holding me in The Parish Jail For Eight and a half years She did not Let The mental Health doctor come to court For me. She even dis miss a Jury member For Asking a Key Question That Jury member ask ½ Those Knife Bought The murder weapon Judge Jhon Benge had me put on medication From The First Time she met me So it was her reasponserbilty To make shore I get a Fair Trial she did not give me a Police Report when I ask for it in court or Let me have any motion She Preform a Star Chamber on me.
Judge Joan S, Benge was Found Gitty of corrupion
822  2d 80.3d 822  2009-1617 La 11/6/09
Supreme court of Louisiana No.2007-0-1617 Nov. 6 2009
Rehearing Denied Nov. 23, 2009.
She did These Things to me To From 2000 to 2008

18. Exhebet The Pitcher With The Drag Mark That Pitcher Tell That They Did Not investigate They are makeing Thing up on me. Becaus The Trees are Cut and The House is Paint it.

19. How can Roderick Bristol See a dark Green Blanket 12:30 At Night with The Trees covering up The Lights? That Would Look Black. The only way you could see That Dark Green Blanket is if you was holding it And The one who did that Also That boddie was in a Green Blanket in Side Two Black garbage Bag So how could you Know That Blanket Was Green

20. Paul Connick Jr. District Attorney Put Two Changest on me. A Burglery And A Theif Vaule at 3.00. Honckert dollars. To assanate my My Carrictor on This Charse Makeing me a Code 6. offender.

21. With Aldo Respect. I was in Huston Texies I whent To The Social Security Place And got My S.S.I check I could not use My right arm and hand.

"Reilief"

Fals inPrisonment
Clean Record
Ten Million Dollars.

22.

Detectiv Still came To The Parish Jail And Took my Blood Lt. Mike Bones Was The Transporting officer He work At Jefferson Parish Jail.

23. They said I wanted To cash Phillip Nix #11858 My Dad Insuance Pollicey. I never did and They Dont have my Signaber on it. I Try That. and They have my Daddy Insuance Polikey.

24. Than Rodrick Bristol Said i wanted To cash my Daddy Social Security check. I never did it And They Dont have any Thing To Say I did.

SCANNED at LSP and Emailed
4/28/15 by CM. 35 pages
date        initials   No.

# The Supreme Court of the State of Louisiana

STATE EX REL. PHILLIP J. KNIGHT

NO. 2014-KH-1323

VS.

STATE OF LOUISIANA

---

IN RE: Knight, Phillip J.; - Plaintiff; Applying For Supervisory and/or Remedial Writs, Parish of Jefferson, 24th Judicial District Court Div. A, No. 00-6148; to the Court of Appeal, Fifth Circuit, No. 14-KH-265;

---

**April 10, 2015**

Denied. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189.

JTK

JLW

GGG

MRC

JDH

SJC

Supreme Court of Louisiana
April 10, 2015

Deputy      Clerk of Court
            For the Court